193 So. 874

## AUSTIN v. STATE.

### 4 Div. 504.

Court of Appeals of Alabama.

Feb. 13, 1940.

W. Perry Calhoun, of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

## PER CURIAM.

The undisputed evidence in this case tends to prove that on or about the twentieth or twenty-first day of December, 1937, Oscar Clark and Russell Tedder, both deputy sheriffs of Houston County, went to the home of Abe Austin, defendant, in Houston County, and found parts of a still, apparatus or appliance consisting of one worm, a piece of copper pipe about three feet long in his cabin, and a beer barrel with about one inch of beer in the bottom of the barrel. The beer barrel was found in the dining room of Abe Austin's house, and one-half of an iron drum was found on the back of the house leaning against it. Six bricks were found in the fireplace, water and beer were found on the floor. There was also found a fire burning, and coals in the fireplace, and about two gallons of rum by the wall of the house near the fireplace, and the room was warm. A trough was found on the premises at the hog pen. The two barrels found were thirty and thirty-five gallon capacity. At the time the officers came to the home of defendant, they found him coming toward his home from a nearby branch, carrying a bucket. The officers testified that there was no liquor being made at the time they reached the home of the defendant. Both officers testified that what they found at the home of defendant in the way of a still in its present condition would not have made liquor without the cap that goes with the equipment. Mr. Tedder, a deputy sheriff, also testified that he found in the house several pints of liquor and two or three fruit jars. The State offered in testimony six glass containers filled with rum and the pipe found at the home of the defendant.

We may say, however, that we have carefully read the evidence as disclosed by the bill of exceptions, and irrespective of the rule which prevents us from considering the motion for a new trial, we are clear to the conclusion that the trial court would have been justified in denying the motion on the facts.

It also appears from the evidence that the charge as laid against this defendant was amply supported by the testimony. The unexplained possession of any part, or parts of any still, apparatus, or appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages, is prima facie evidence of a violation of Section 4656 of the Code of 1923. Not only did the finding of the parts of the still in the possession of the defendant make a prima facie case for the State, but all the facts and circumstances tended to prove that the defendant not only possessed the parts of the still found in his house, but they had been in use in conjunction with other parts constituting a complete still.

We find no error in the record, and the judgment is affirmed.

Affirmed.

NOTE. The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case En Banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.